United States District Court
Southern District of Texas
**ENTERED**
April 10, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DANIEL R. BOWEN, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:19-CV-00382 |
| | § | |
| UNIVERSITY OF TEXAS MEDICAL | § | |
| BRANCH, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

This case has been referred to me for all pretrial matters by United States District Judge Jeffrey V. Brown.  Currently before me is The University of Texas Medical Branch at Galveston's First Amended Motion to Dismiss ("Motion to Dismiss").  *See* Dkt. 13.  After thoroughly reviewing the Motion to Dismiss, response, reply, other pleadings in the case file, and applicable law, I recommend that the Motion to Dismiss be **GRANTED IN PART AND DENIED IN PART.**

## BACKGROUND

This is an employment discrimination/retaliation case.  Plaintiff Daniel R. Bowen ("Bowen") worked as a police officer for The University of Texas Medical Branch at Galveston ("UTMB").  He claims UTMB discriminated against him on the basis of his sex (male) and subjected him to retaliation in violation of Title VII of the Civil Rights Act of 1964.  In particular, Plaintiff's First Amended Complaint alleges:

- "On March 22, 2018, as part of [an] investigation, Bowen was interviewed by Senior Inspector Angel Lemmonds ("Lemmonds") and Interim Assistant Chief Stephanie Schoenborn ("Schoenborn")." Dkt. 11 at 2.

- "During the interview, which was recorded, Bowen reported that he had been the subject of harassment including sexual harassment in the police department, by Lieutenant Ryan Erwin, and others." *Id.* at 3.

- Bowen "reported that sexually offensive comments had been directed towards him related to Plaintiff having an alleged relationship with the UTMB Assistant Police Chief.  Comments which included '*How does his _ _ck taste?*'; '*Are you all f_ _ king?*['];  and being referred to as '*his boyfriend.*'" *Id.*

- "Following [Bowen's] outcry of sexual harassment made to Schoenborn, UTMB failed to follow its own internal processes and procedures and failed to conduct a reasonable investigation into [Bowen's] complaints of sexual harassment.  Moreover, UTMB failed to interview a single witness provided by Bowen regarding his complaint(s) of sexual harassment and retaliation." *Id.*

- "Shortly thereafter, on March 29, 2018, after he complained that he was the victim of illegal sexual harassment during an internal investigation, Bowen was suspended." *Id.*

- "Prior to making complaints against Lieutenant Ryan Erwin, Plaintiff did not have any suspensions or disciplinary write-ups in his personnel file." *Id.*

- "Bowen appealed his suspension but was formally discharged anyway on July 12, 2018 in retaliation for his complaint regarding sexual harassment and retaliation." *Id.*

- "At all relevant times Bowen's POD was at UTMB at Galveston and Lieutenant Erwin was his superior." *Id.* at 4.

- "Defendant UTMB subjected Plaintiff to a hostile work environment permeated with discriminatory behavior that was sufficiently severe or pervasive to create a discriminatorily hostile or abusive work environment that altered the conditions of his employment." *Id.*

- Bowen "is male and belongs to a protected gender group.  He was subjected to unwelcomed sexual harassment and/or hostility by Lieutenant Ryan

Erwin.  Plaintiff reported Ryan's conduct, specifically identifying the offensive conduct, and provided the names of fact witnesses.  Shortly after reporting that he was the victim of sexual harassment, Plaintiff was suspended and ultimately terminated from his employment with the defendant." *Id.*

- Bowen "was subjected to harassment and hostility, suspended, and ultimately terminated from his position due to his sex/gender in violation of the Title VII of the Civil Rights Act of 1964." *Id.*

- Bowen "engaged in protected activity when he reported that he has been and was being subjected to sexual harassment and/or a sexually hostile work environment by Lieutenant Ryan Erwin.  Subsequent to his initial report, Bowen reported that he had been blacklisted for reporting Lieutenant Ryan's conduct.  As a result of these reports, his supervisor [sic] disparaging comments against and/or about him intensified.  Following his report, Plaintiff was suspended based upon false allegations of a Garrity violation, and ultimately terminated from his employment with the defendant.  The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affected his status as an employee." *Id.* at 5.

UTMB has moved to dismiss Bowen's lawsuit under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). First, UTMB argues that this Court lacks subject matter jurisdiction because Bowen failed to file his Title VII claim within 90 days after receipt of the Equal Employment Opportunity Commission's ("EEOC") right-to-sue letter. Second, UTMB claims that it is entitled to sovereign immunity on Bowen's request for punitive damages.  Third, UTMB avers that the First Amended Complaint fails to plead facts sufficient to meet the pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure.

## RULE 12(b)(6) LEGAL STANDARD[1]

"Under Federal Rules of Civil Procedure 8(a)(2), a pleading must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting FED. R. CIV. P. 8(a)(2)).  This pleading standard requires more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678.  "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).  To overcome a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice." *City of Dall., Tex. v. Hall*, 562 F.3d 712, 717 (5th Cir. 2009) (quotation marks and citation omitted). *See also Iqbal*, 556 U.S. at 679 ("[M]ere conclusions[] are not entitled to the assumption of truth.").  In deciding a Rule 12(b)(6) motion, a district court considering a motion to dismiss must accept "all well-pleaded facts as true, viewing

---

[1] Although UTMB grounds its Motion to Dismiss on both Rule 12(b)(1) and Rule 12(b)(6), I will treat UTMB's Motion to Dismiss as a motion pursuant to Rule 12(b)(6).  This is because Rule 12(b)(1), which allows a party to challenge the district court's subject matter jurisdiction to hear a case, has no applicability to the present case.  *See Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1248 n.1 (5th Cir. 1985) ("commencing an action within ninety days of receipt of a right-to-sue letter is not a jurisdictional prerequisite").

4

them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004).  Last but not least, it is important to keep in mind that Rule 12(b)(6) motions to dismiss are generally disfavored and rarely granted.  *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011).

## DISCUSSION

### A.   DID BOWEN FAIL TO TIMELY FILE HIS TITLE VII LAWSUIT?

Title VII provides that if the EEOC dismisses a charge of discrimination or fails to file a lawsuit based on the charge of discrimination within a specified time period, the EEOC must notify the former employee, who then has 90 days to file a lawsuit.  *See* 42 U.S.C. § 2000e-5(f)(1) (The EEOC must "notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge.").  A person who fails to file a lawsuit within the 90-day period forfeits his right to pursue such a claim.  *See Espinoza*, 754 F.2d at 1251.  The 90-day requirement is strictly construed.  *See Taylor v. Book A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002).

In the Original Complaint, Bowen asserted that he received the EEOC right-to-sue letter on August 17, 2019.  Because Bowen filed this lawsuit on November 18, 2019, more than 90 days later, UTMB argues the lawsuit is untimely and should be dismissed.

In response, Bowen notes that the First Amended Complaint, the live pleading in the case, alleges that he received the right-to-sue letter "on the afternoon of Tuesday, August 20, 2019 or Wednesday August 21, 2019, but not before."  Dkt. 11 at 2 (quotation

5

marks and citation omitted).  Attached to the First Amended Complaint and referenced in the body of the live pleading is an affidavit signed by Bowen.  It provides:

1. I filed a charge of discrimination against University of Texas Medical Branch on or about January 31, 2019 alleging discrimination based upon race, retaliation, sex, and disability.

2. At the time of filing my Charge of Discrimination I resided at 3261 Gladewater Lane, League City, Texas 77573.

3. I received a Dismissal and Notice of Rights letter from the EEOC on the afternoon of Tuesday, August 20, 2019 or Wednesday August 21, 2019, but not before.

4. By the time I received the Dismissal and Notice of Rights letter I had moved from my Gladewater Lane address for financial reasons.  When I received the letter, I was living at 172 CR 311 Cleveland, Texas 77327. The letter was addressed to me using the Gladewater Lane address and had to be re-routed and forwarded to me at my new address as directed by me on a USPS change of address form.

5. Any statements or representations that I received the Dismissal and Notice of Rights letter before Tuesday, August 20, 2019 are incorrect.

Dkt. 11-3 at 1 (quotation marks omitted).  Bowen contends that if one accepts the allegations contained in the First Amended Complaint and the affidavit, the lawsuit is timely since its November 18, 2019 filing was within 90 days of August 20, 2019, or August 21, 2019.

UTMB argues that I should hold Bowen to his admission in the Original Complaint that he received the EEOC right-to-sue letter on August 17, 2019.  UTMB complains that the affidavit attached to the First Amended Complaint is nothing more than a conclusory, uncorroborated, and self-serving assertion.  Particularly troubling, UTMB asserts, is that Bowen does not even attempt to explain why the allegations

concerning the date he received the EEOC right-to-sue letter so dramatically changed between the Original Complaint and the First Amended Complaint.

I share UTMB's concern.  At the same time, however, it is well-established that statements contained in superseded pleadings are not conclusive and indisputable judicial admissions.  As the Fifth Circuit has noted: "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."  *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).  *See also White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 n.5 (5th Cir. 1983) ("Admissions made in superseded pleadings are as a general rule considered to lose their binding force, and to have value only as evidentiary admissions."); *Borel v. United States Casualty Co.*, 233 F.2d 385, 387 (5th Cir. 1956) ("A superseded pleading is of course not a conclusive admission of the statements made therein."); *Differential Dev.-1994 Ltd v. Harkrider Distrib. Co.*, 470 F. Supp. 2d 727, 749 n.19 (S.D. Tex. 2007) ("The allegations in prior complaints that have been eliminated in the latest complaint have been 'amended away' and cannot be considered as judicial admissions.") (citation omitted).  The First Amended Complaint claims Bowen received the EEOC right-to-sue letter no earlier than August 20, 2019.  At this juncture of the case, I must accept that allegation as true.  I am simply in no position at the Rule 12(b)(6) stage to make a judicial determination that Bowen actually received the EEOC letter at an earlier date.[2]

---

[2] Bowen's admission in the Original Complaint that he received the right-to-sue letter on August 17, 2016 has no binding force, but the admission may still be offered in evidence and be

Before I conclude my discussion of the timeliness issue, I want to make one observation. The parties both characterize the timeliness issue as hinging on whether Bowen filed this lawsuit within 90 days from his receipt of the right-to-sue letter. I am not sure that is the proper standard to apply. Title VII "does not establish the beginning of the ninety-day period as the date when the Plaintiff 'receives' notice but starts the period at the 'giving of such notice.' . . . [T]his contemplates that the notice be given in such manner as to be received." *Espinoza*, 754 F.2d at 1249. As a result, the Fifth Circuit has expressly held that "the giving of notice to the claimant at the address designated by him suffices to start the ninety-day period unless the claimant, through no fault of his own, failed to receive the right-to-sue letter or unless, for some other equitable reason, the statute should be tolled until he actually receives notice." *Id.* at 1250. At this point in the case, it is unclear when the August 12, 2016 right-to-sue letter was actually delivered to the address Bowen supplied to the EEOC. All I can tell from the documents filed thus far is that the right-to-sue letter was addressed to 3261 Gladewater Lane, League City, Texas 77573, an address at which Bowen acknowledges he once resided. Bowen says that the letter had to be re-routed and forwarded to him at his new address in Cleveland, Texas, as directed on a post office change of address form. What is not clear is whether Bowen provided the EEOC with his new address. That seems to be of critical importance since an individual has an affirmative obligation to

---

considered along with all other evidence presented later in the case. *See Sanders v. Univ. of Tex. Pan Am.*, 776 F. App'x. 835, 837–38 (5th Cir. 2019) ("Admissions in superseded pleadings may lose their binding force, but they nevertheless retain value as evidentiary admissions.") (internal quotation marks and citation omitted) (collecting authorities).

inform the EEOC of an address change.  *See* 29 C.F.R. § 1601.7(b) (stating that the claimant "has the responsibility to provide the Commission with notice of any change in address . . . so that he or she can be located when necessary during the Commission's consideration of the charge").  "When the claimant does not receive the right to sue notice promptly because he has not notified the EEOC of a change of address[,] he may not claim the benefit of equitable tolling."  *Anyanwu v. NCH Corp.*, No. 3:97CV–2892–X, 1998 WL 920327, at *4 (N.D. Tex. Dec. 29, 1998).  As this case proceeds, I am confident that the parties will strive to ascertain the date the right-to-sue letter was actually delivered to the address Bowen supplied to the EEOC.  The answer to that query will, apparently, determine whether Bowen timely filed his Title VII claim.

**B.    IS BOWEN'S CLAIM FOR PUNITIVE DAMAGES BARRED?**

Title VII unquestionably precludes punitive damage awards against governments, government agencies, and political subdivisions, such as UTMB.  *See* 42 U.S.C. § 1981a(b)(1) ("A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) . . . .").  Because the First Amended Complaint seeks punitive damages, UTMB asks me to dismiss that claim for damages pursuant to Rule 12(b)(6).  Bowen does not object.  Accordingly, I recommend that the punitive damage claim be dismissed.

**C.    DOES BOWEN'S FIRST AMENDED COMPLAINT SUFFICIENTLY PLEAD FACTS TO SURVIVE A RULE 12(b)(6) DISMISSAL?**

Title VII prohibits an employer from discriminating against an employee based on sex/gender by creating a hostile work environment and from retaliating against an

employee for seeking to vindicate rights conferred by Title VII.  In its Motion to Dismiss, UTMB maintains that the First Amended Complaint "offers only speculative, conclusory allegations devoid of any factual support, and fails to plead specific facts tying UTMB to [Bowen's] alleged claims."  Dkt. 13 at 5.  I disagree.

To establish a prima facie case of hostile work environment under Title VII, an employee must show: (1) that the employee belongs to a protected class; (2) that the employee was subject to unwelcome sexual harassment; (3) that the harassment was based on sex; (4) that the harassment affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt remedial action.  *See Shepherd v. Comptroller of Pub. Accounts*, 168 F.3d 871, 873 (5th Cir. 1999).  To state a valid cause of action for retaliation under Title VII, an employee must show that he engaged in protected activity; he suffered a materially adverse action that would deter a reasonable employee from making charges of employment discrimination; and there is a causal connection between the protected activity and the adverse action.  *See Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996).  *See also* 42 U.S.C. § 2000e-3(a).

In the Background section above, I recounted in great detail the substantive allegations presented in the First Amended Complaint.  Without restating those factual allegations again, it is my firm belief the First Amended Complaint satisfies the Federal Rules of Civil Procedure and applicable case law in that it sets forth the underlying facts which, when taken as true, show a plausible right to relief from UTMB.  Do not misunderstand me.  I fully understand and appreciate UTMB's position that Bowen could

10

have done a much better job of detailing the factual basis for his hostile work environment and retaliation claims. But that does not mean that I should dismiss the claims at this early stage without giving Bowen an opportunity to conduct discovery and proceed with the litigation. Further, as I must construe the factual allegations in the First Amended Complaint in the light most favorable to Bowen and must grant him the benefit of all inferences that can be derived from the facts, I conclude the First Amended Complaint is plausible on its face, giving UTMB fair notice of the claims and grounds upon which Bowen rests as required by Rule 8(a). *See Culliver v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007) ("[A] complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'") (quoting *Twombly*, 550 U.S. at 555).

## CONCLUSION

For the reasons explained above, I recommend that the Motion to Dismiss be **GRANTED IN PART AND DENIED IN PART.**

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED in Houston, Texas, this \_\_\_ day of April, 2020.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE